IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Janice F. D'Aversa,** | ) |
| | ) No. 18 C 843 |
|     **Plaintiff,** | ) |
| | ) Magistrate Judge M. David Weisman |
|     v. | ) |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Deputy Commissioner for Operations,** | ) |
| **performing the duties and functions not** | ) |
| **reserved to the Commissioner of** | ) |
| **Social Security,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Janice F. D'Aversa appeals the Social Security Administration Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings.

### Background

Plaintiff applied for benefits on March 13, 2014, alleging a disability onset date of June 8, 2012. (R. 178.) Her application was denied initially on July 17, 2014, and upon reconsideration on April 2, 2015. (R. 76–83; 85–93.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on November 4, 2016. (R. 28.) On April 17, 2017, the ALJ issued an unfavorable decision finding Plaintiff not disabled. (R. 13–23.) The Appeals Council declined to review the decision on December 6, 2017 (R. 1–3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While generous, this standard "is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 8, 2012, the alleged onset date. (R. 15.) At step two, the ALJ found that Plaintiff had the following severe impairments: "spine disorders and obesity." (*Id.*) At step three, the ALJ found that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity" of one of the listed impairments. (R. 16–17.) This finding led the ALJ to conclude at step four that Plaintiff had the residual functional capacity to "perform sedentary work" with certain exceptions. (R. 17–23.) At step five, the ALJ determined that Plaintiff could perform past relevant work as a medical transcriber. (R. 23.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (*Id.*)

A.   **Residual Functional Capacity Assessment**

Plaintiff contends that the ALJ failed to adequately support her RFC assessment. While an ALJ need not rely on a certain physician's opinion to assess RFC, there must be some evidence supporting the ALJ's findings. SSR 96-8p. With respect to a treating physician in particular, an ALJ is required to give the opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must give good reasons for the weight that she assigns a treating physician's opinion. *Bates v. Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 636–37 (7th Cir. 2013). If an ALJ chooses not to give a treating physician's opinion controlling weight, "the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).

Here, the ALJ committed several errors with respect to the RFC assessment that warrant remand. First, the ALJ inappropriately rejected all of the opinion evidence, effectively creating an "evidentiary deficit." *See Suide v. Astrue*, 371 Fed. App'x 684, 690 (7th Cir. 2010) (remanding where ALJ created an "evidentiary deficit" by rejecting treating physician's opinion and making an RFC determination without supporting medical evidence). The ALJ gave "little weight" to the opinion of medical expert, Dr. Lebowitz and the State agency medical consultants. (R. 22.) The ALJ also rejected the opinion of Dr. Bitar, Plaintiff's treating physician, without considering factors required by the regulations, including the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion. (R. 22.) Instead, the ALJ dismissed the opinion because it contained "vague" and "conclusive" statements about Plaintiff's condition. (R. 22.) This analysis is not sufficient.

Next, the ALJ relied on Plaintiff's ability to sit through "almost her entire hearing" to support her RFC assessment. (R. 21.) As Plaintiff argues, forcing herself to sit through an important hearing does not demonstrate that Plaintiff has the ability to sit for up to 6 hours during a workday, which is what the ALJ's RFC assessment contemplates. In other words, the ALJ failed to build a logical relationship between Plaintiff's capacity to sit – uncomfortably for that matter (she testified to being "in pain" during the hearing (R. 47)) – for a one-time hearing to the grind of a daily workday. *See Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (ALJ "must build a logical bridge from evidence to conclusion"); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[A] snapshot of any single moment says little about [the claimant's] overall condition."); *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000) ("Many courts have condemned the 'sit and squirm' test, and we are uncomfortable with it as well.").

4

Additionally, the ALJ's RFC analysis lacked support for the proposition that Plaintiff would only be "off-task" for up to 10% of the day. The record establishes that Plaintiff's pain affects her concentration and requires medications that cause fatigue and further affect her ability to focus. (R. 222; 224.) In light of this evidence, the ALJ needed to explain how Plaintiff's pain would allow her to concentrate for 90% of the workday. *See, e.g.*, *Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) ("the ALJ failed to lay a foundation for certain limitations described in the hypothetical, including that he might be off task up to 10% of the workday); *Washington v. Colvin*, No. 12 C 4995, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013) ("the ALJ's finding that [the claimant] would not be off task for more than 10% of the work day comes without any explanation . . . . we are left without a logical bridge supporting the ALJ's conclusions that [the claimant's] migraines would only result in 10% off-task time per day"). The Commissioner points to the ALJ's remark that Plaintiff's methadone prescription would limit Plaintiff being "off-task" for 15% of the workday, but this does not explain how Plaintiff would be "on-task" for the remainder of the day. (R. 23.) In other words, the ALJ failed to explain the basis for her finding that Plaintiff would be off-task *only* up to 10% of the time.

Contrary to the Commissioner's argument, the ALJ also did not adequately consider and address the effect of Plaintiff's obesity on her RFC. The record is clear that Plaintiff is obese. (R. 452, 474, 1409.) The regulations require an ALJ to consider whether obesity causes the claimant to suffer any functional limitations. SSR 02-1p. The ALJ merely states that "the impact of obesity has been considered . . . with regard to the residual functional capacity limitations as required by the SSR." (R. 17.) Her analysis includes no discussion about how the combination of pain and excessive weight either affects or does not affect Plaintiff's ability to sit and work. *See, e.g.*,

5

*Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014) ("combination of impairments could impose greater restrictions than any of [claimant's] impairments taken singly").

All of these errors require remand.

## B. Assessment of Past Relevant Work

Plaintiff also argues that the ALJ's finding that Plaintiff could return to her past work as a medical transcriber was not based on substantial evidence. The Court agrees. SSR 82-62 requires that past work experience "be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." *See, e.g.*, *Nolen v. Sullivan*, 939 F.2d 516, 518 (7th Cir. 1991) (concluding that ALJs must list specific physical requirements of claimant's past job to assess claimant's current ability to perform the same tasks); *Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991) (holding that an ALJ must comply with SSR 82-62 and make a finding of fact about the physical and mental demands of the past job/occupation); *Steward v. Bowen*, 858 F.2d 1295, 1299–1300 (7th Cir. 1988) ("To determine if a claimant is capable of performing his or her past relevant work, an ALJ must compare the demands of the claimant's past occupation with his or her present capacity."); *Smith v. Barnhart*, 388 F.3d 251, 252 (7th Cir. 2004) (the ALJ's error which required remand "lay in equating [the claimant's] past relevant work to sedentary work in general").

Here, the ALJ failed to do a function-by-function analysis of Plaintiff's past relevant work. The Vocational Expert testified that a medical transcriber job "calls for you to be in that chair taking dictation from a medical professional, it doesn't leave you the option to stand when you need to." (R. 72.) The job only allows for "normal breaks": a 15-minute break in the morning, 30-minute break at lunch, and 15-minute break towards the end of the day. (R. 72.) The ALJ failed to harmonize the clear requirements of the job with Plaintiff's demonstrated physical

limitations, including low back pain that radiates to her groin and thigh (R. 217, 276, 277, 362, 1112, 1324, 1406) that is aggravated by prolonged standing, sitting, and walking (R. 1324). Instead, the ALJ merely stated that "[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds the claimant is able to perform the job of medical transcriber as actually and generally performed." (R. 23.) This is not sufficient.

C.  **Subjective Symptom Analysis**

Plaintiff also challenges the ALJ's subjective symptom analysis. The Court declines to discuss this issue at length given the need for remand that already exists.

## Conclusion

For the reasons set forth above, the Court remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED:   November 14, 2018**

_M. David Weisman_
**M. David Weisman**
**United States Magistrate Judge**